WM. M. PITTMAN, Appellant *v*. EMILE C. PITTMAN, Respondent.

*Appeal from Benton County.*

Discretion.—In all matters of discretion the general doctrine is, that nothing but an abuse of discretion by the court below, will warrant the interference of an appellate court.

Custody of Infants.—The law confers upon the court which pronounces the decree of divorce, the power to make such order for the care and custody of the infants, if any, as shall best subserve their interests.

Presumption.—The mere fact of awarding the care and custody of the infants to the party in fault, raises no presumption of error.

Abuse of Discretion.—If error has been committed or discretion abused, it must appear affirmatively. It will not be presumed.

This is an appeal from the decree of the court below, dissolving the bonds of matrimony between plaintiff and defendant, and awarding the custody of the two minor children to the defendant. The plaintiff appeals to this court, and relies upon two assignments of error for reversal of the decree.

I. That the court below erred in not finding the defendant (respondent), guilty of adultery.

II. That the court erred in awarding the custody of the two infants to the defendant (respondent).

*F. A. Chenowath* and *R. Williams*, for appellant, cited code section 497, subdivision 1, also sec. 535; *B. Monroe*, 164; Paige Ch. 202; 7 Barbour, 640; Dayton on Surrogates, 680.

*John Burnett*, for respondent, cited 14 Cal. 512; 28 Missouri, 91; Code secs. 497, 498; 10 Georgia, 77; 13 U. S. Digest, 402; 14 Id. 358; and 4 Nevada, 416.

McArthur, J. In passing upon the points presented in this case, it must be borne in mind, that it was heretofore decided that the statement of facts annexed to the record of the judgment herein, did not meet with the requirements of the law, consequently, it will not be considered. The case will be determined upon the record; and, as there is

nothing disclosed by the record to warrant the first assignment of error, we will pass to the consideration of the second.

It is assumed by appellant's counsel, that inasmuch as the record shows that the defendant was the party at fault, the court erred in awarding the care and custody of the infants to said defendant. And it is sought to base this assumption upon what appears to be a finding of fact recited in the judgment entry. It is claimed also that the court below, having granted the decree of divorce, upon plaintiff's complaint and at plaintiff's instance, was bound, as a matter of law, to award to plaintiff (appellant), the care and custody of the infants. We do not think that these assumptions are warranted by law. Subdivision 1 of section 497, page 271, of the code, vests in the court the power to make such decree "for the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault." In carrying out this provision of the code, the court is called upon to exercise its sound discretion. In all matters of discretion, the general doctrine is, that nothing but an abuse of that discretion by the court below, will warrant the interference of an appellate court. The record herein discloses no such abuse. It must appear affirmatively, it cannot be presumed; for all legal presumption is in favor of the correctness of the findings and discretion of the court below. The presumption also lies that the court below discharged its duty; that its proceedings were regular, and its action founded upon proper proof.

After the decree of divorce was granted the infants became, as it were, the wards of the court, and it was the duty of the court to make such disposition of them as would be just and proper, taking into consideration their age and sex, and having in view their general welfare. With regard to the care and custody of the children, after a final decree for a divorce or separation, the object is not to gratify the wishes of the parents merely, but to protect and provide

for the children of the marriage, whose condition cannot fail to awaken the sympathy of the court. (Willard's Equity, 670.) The law confers upon the court which pronounces the decree of divorce, the power to make such order for the care and custody of the infants, as shall best suit their circumstances and best subserve their interests, and it would certainly be acting within the scope of its equity powers, to thereafter annul, or vary, or modify such order, upon proper application and for sufficient reasons. The mere fact of awarding the care and custody of the infants to the party in fault raises no presumption of error or of abuse of discretion. In some cases it would be both, in others neither. As has been before observed, there is no error discoverable in the record of this suit which this court can consider. The presumption is, that the court below examined into all the facts in relation to the fitness and qualifications of the parties for the purpose of making proper disposition of the infants, and acted accordingly; and as nothing appears which tends in the least to overcome the force of this presumption, or of the others above set forth, the decree will be affirmed.