# LYLE *v.* LYLE.

## (*Nashville.* February 18th, 1888.)

1. DIVORCE. *Cruelty. Indignities. Sufficiency of evidence.*

The wife's application for a divorce *a vinculo* should be granted where it is proved that she is "an educated, refined, Christian lady," who never gave her husband cause to mistreat her, and that her husband, though "a sober and industrious man," had frequently called her a liar in the presence of others, accused her of adultery, and charged, at the time one of her children was born, that it was another man's, and had on one occasion used personal violence, and habitually indulged in such conduct and indignities toward her as rendered her condition intolerable and drove her from him.

(See Code, § 3307, sub-secs. 1, 2 (M. & V.); § 2449, sub-secs. 1, 2 (T. & S.); also Payne *v.* Payne, 4 Hum., 500.)

2. SAME. *Custody of children.*

Where a divorce *a vinculo* is granted to the wife, the custody of her child of tender years, issue of the marriage, should be decreed to her, it appearing that she is "an educated, refined, Christian woman," well qualified to have the care and custody of the child, and possessed of means for its comfortable maintenance, and that the husband is poorly qualified to take care of the child and attend to its mental and moral training. The Court, in such case, consults the real interest and welfare of ·the child.

(See 7 Hum., 441; 10 Heis., 353, 354.)

---

FROM MONTGOMERY.

---

Appeal from Chancery Court of Montgomery County. GEO. E. SEAY, Ch.

Bill for divorce, alimony, and custody of child,

brought by the wife against her husband, charging cruel and inhuman treatment, and such indignities to her person as rendered her condition intolerable.

Bill dismissed on the hearing. Complainant appealed.

QUARLES & DANIEL and ——— GOODPASTURE for Complainant.

LEACH & SAVAGE, THOS. L. YANCEY, and R. H. BURNEY for Respondent.

BAXTER SMITH, Sp. J.  On the 29th of May, 1882, the complainant filed a bill in the Chancery Court of Montgomery County against the defendant, praying to be divorced from the bonds of matrimony subsisting between her and the defendant, that alimony out of his estate be decreed her, and that she be allowed to retain the custody of their then only child, a boy of four or five years of age. The cause came on for hearing before the Chancellor on the 5th of October, 1883, who dismissed the bill, from which decree the complainant appealed to this Court.

Upon a hearing before the Court of Referees, a decree reversing the Chancellor was recommended, and that complainant was entitled to all the relief prayed. Exceptions were taken by the defendant to the report of the Referees, bringing the whole case before this Court for determination.

The evidence in the case is voluminous, from

which the Court is of opinion that the following state of facts is established: The complainant and defendant intermarried in the year 1876, and lived together until shortly before the filing of the bill in this case, when the complainant left the defendant, taking with her the child to her mother's, where they have been living ever since; that some months after the marriage the defendant's course of conduct was such as to cause the complainant much unhappiness; that, although there is but little proof of overt acts of violence and abuse, still there is enough proof in the record to lead the Court to the conclusion that the defendant's course of conduct toward the complainant was habitually such from soon after the marriage until complainant left him as to render her condition intolerable, and force her to withdraw from him; that the defendant frequently, during the time they lived together, called the complainant a liar in the presence of others and in the hearing of complainant; and at one time, in the year 1879, he not only accused her of lying, but charged that she had been guilty of adultery with his brother-in-law, as well as others, the evidence of which he had discovered in the saplings near the house being barked by horses ridden by persons who were improperly visiting her, and at the same time used personal violence toward her; that at the time of the birth of one of his children the defendant, in the presence of others, accused the complainant of being unfaithful to him, and stated that he believed an-

other man, naming him, was the father of the child; that the record shows the complainant to be a woman of excellent character, an educated, refined, Christian lady, who had never given the defendant cause to mistreat her as he had; that the defendant was a sober, industrious man, but who seemed, from the record, to have no feeling in common with the complainant, and to have set his face against every thing she did, and was in the habit of offering such indignities to her as rendered her condition intolerable and forced her to withdraw from his dominion and control.

From these facts the Court is of opinion that complainant is entitled to a decree dissolving the bonds of matrimony.

On the question as to who should have the custody of the young child, the Court is of opinion that, while ordinarily the father would be entitled to the custody, still the Court will look to see in whose custody the real interest and welfare of the child demand that it should be placed. The child is yet of tender years. The weight of testimony in the record satisfies the Court that the complainant is an educated, refined, Christian woman, and well qualified to have the care and custody of the child. Besides, the complainant has a small tract of land, from the rents. of which and her own labor she is enabled to maintain and support her family comfortably. On the other hand, the defendant, from the . proof, would be poorly qualified to take care of the child and at-

tend to its moral and mental training. The Court is therefore satisfied that the complainant should have the custody of the child.

On the question of alimony: The estate of the defendant is small; the Court is content with the amount recommended by the Court of Referees.

The report of the Referees will be confirmed and the decree of the Chancellor reversed.