I-Iunt, J.
This is an action brought by the administrator of Parke P. Kemper to sell real estate to pay debts.
On January 24, 1893, Parke F. Kemper executed a note in the sum of $2,500, payable to J. T. Couden, two years after date, and four interest notes of $75 each, payable in six, twelve, eighteen and twenty-four months. A mortgage was given by Parke F. Kemper upon a piece of property on Ashland avenue to secure these notes. Frank TI. Kemper acted as attorney for his brother, Parke F. Kemper, and Thomas C. Welch acted as attorney for J. T. Couden in the making of the loan. Frank IT. Kemper and Thomas C. Welch are both attorneys and were occupying the same suite of offices.
On February 22, 1893, Parke F. Kemper died intestate, leaving as his heirs his brothers, Frank H.” Kemper, Willis M. Kemper, David E. Kemper and Howard W. Kemper. On March 3, 1893, Frank H. Kemper was appointed administrator of his deceased brother and gave due notice of his appointment. The proof of publication of such notice was filed on April 2, 1893.
*405 On March 6, 1893, an inventory of the estate of Parke F. Kemper was duly made, showing personal estate of the value of $1,385.62. This inventory was filed on January 10, 1895. On November 20, 1895, Frank II. Kemper, as administrator of Parke F. Kmper, filed an account showing receipts of $1,006.97 and disbursements for costs and to creditors, preferred and general, of $997.24, leaving a balance on hand of $9.73. No exceptions were filed and the account was duly confirmed..
There were no outstanding debts of Parke F. Kemper, except the notes to J. T. Couden. The first interest note secured by the Kemper-Coudcn mortgage was presented to Frank II. Kemper, administrator, and paid by him on July 26, 1893, by his check as administrator. Such payment is shown in his account as administrator. The other interest notes were presented, although not formally, to Frank TI. Kemper, and paid by him, not by his check as administrator, but by his own or his brother’s cheeks. Such payments were not included in his account as administrator and were not paid by him from any assets of his brother’s estate. The interest notes were not verified ivhen exhibited to and paid by Frank TI. Kemper.
When the principal note came due on January 24, 1895, nó formal presentment of such note was- made to Frank TI. Kemper, but each six months thereafter, beginning July 24, 1895, and ending July 23, 1900, Frank II. Kemper paid Thomas C. Welch, attorney for J. T. Couden, the sum of $75 interest, although in making such payments he used either his own individual checks or the checks of his brothers.
At the time of the execution of the notes and mortgage by Parke F. Kemper to J. T. Couden, the property mortgaged to secure the note was considered to be worth more than $2,500, and for some time after the death of Pai'ke F. Kemper, the fair, market value of the property was more than $2,500. Subsequently its value declined, with the market value of other property in the vicinity.
Very soon after the death of Parke F. Kemper, the heirs of Parke F. Kemper, having no actual notice that J. T. Couden intended or would have any necessity to look beyond the mortgaged property for the payment of his note, proceeded to convey *406 the other pieces of real estate constituting the estate of Parke F. Kemper. All of said conveyances were for value to bona fide purchasers or mortgagees except the first conveyance, which was made to the fiancee of Parke F. Kemper, deceased, as a gift, the deed however not stating such fact, it being for the nominal consideration of one dollar and other valuable considerations. This property was subsequently conveyed by the donee or grantee to a bona fide purchaser. The conveyances by deed or mortgage were made on the following dates: March 10, 1893; April 5, 1897; July 13, 1897; November 30, 1897; December 1, 1897; December 15, 1898; April 10, 1899; June 5, 1899; December 18, 1902.
No interest having been paid on the $2,500 note after July 24, 1900, in 1901 Thomas O. Welch, as attorney for J. T. Couden, for the first time insisted upon the payment of such note as a claim against the entire estate of Parke F. Kemper, and demanded that the administrator file an action to sell real estate to pay debts. This demand was refused, and on July 12, 1901, a motion was filed by J. T. Couden in the probate court for the removal of Frank IT. Kemper as administrator for gross neglect of duty. This motion was duly heard upon an agreed statement of facts and overruled. No formal presentation of the $2,500 note was ever made.
On October 23, 1901, J. T. Couden filed suit in the court of common pleas against the administrator of Parke F. Kemper and his heirs praying for a judgment against the administrator upon the $2,500 note, with interest from July 24, 1900, and for the foreclosure of the mortgage securing such note.
The administrator answered denying that the claim had ever been presented and pleading the statute of non-claim and 'other defenses. The heirs were parties in these proceedings only because the foreclosure of the mortgage was the second cause of action in said petition. The heirs joined in the answer of the administrator. On January 2, 1904, a judgment was given against the administrator for the full amount of the note and interest, to-wit, $3,015, and the mortgaged property was ordered ■sold. The administrator prosecuted error proceedings to this judgment in the circuit and supreme courts, where such judg *407 ment was affirmed. The judgment was in form -a judgment against Frank Ii. Kemper, administrator of Parke F. Kemper, and there was no provision in' the judgment that it be levied upon the goods and estate of Parke F. Kemper, deceased.
Notwithstanding the error proceedings, the execution of the judgment and decree was not stayed by bond. The mortgaged property was therefore sold at once as ordered, and on June 25, 1904, the proceeds of the sale were distributed.
In such distribution, $981.63 was ordered applied as a credit upon the judgment. The court refused to give any additional judgment against the administrator for the deficiency. A motion was again filed in the probate court to remove Frank H. Kemper as administrator, but was overruled by consent, upon the agreement that he would bring an action as administrator of Parke F. Kemper to sell all the real estate of which Parke F. Kemper had died seized to pay the Couden claim.
Thereafter, on January 2, 1906, this action was brought. All the heirs of Parke F. Kemper and the grantees and mortgagees of such heirs and grantees are made parties. J. T. Couden died in 1902 and Thomas C. Welch lias since bought 'the Kemper-Couden notes from the estate of J. T. Couden. Frank II. Kemper has resigned as administrator of .Parke F. Kemper and Denis F. Cash has been appointed as his successor.
There has been a good deal of argument in this ease, both oral and by brief, as to the effect of the judgment obtained by J. T. Couden against Frank II. Kemper, administrator of Parke F. Kemper, by reason of the omission in such judgment of the provision that it was to be levied upon the goods and estate of the decedent; and of the effect of such judgment regardless of such omission. It is claimed that by reason of such omission the judgment is simply a judgment against Krank II. Kemper individualy. I do not regard such omission under the present administration statutes of Ohio as limiting the judgment to Frank H. Kemper individually. Under the statutes of administration of 1824, Section 16, and 1831, Section 27, page 235, construed in Abbott v. Cole, 5 O., 87-88, such omission was material. Such statutes prescribe both the form and effect of a judgment against an administrator.
*408 Tbe dictum in Haymaker v. Haymaker, 4 O. S., 278, rendered after the repeal of the acts of 1824 and 1831 by the administration act of 1841, was not applicable to the administration act in force at that time or now. The present administration statute, Sections 6105 6107, except as to particular cases, prescribes only the effect of a judgment against an administrator in so far as the levying of an ¿xecution thereon is concerned.
Giving the judgment this effect in so far as the personal tate of Parte F. Kemper is involved, the question then arises as to whether such judgment is conclusive upon the heirs and their grantees, when an action is brought against them for the sale of the real estate owned by the decedent at the time of his death.
The general rule supported by a large number of cases throughout the United States is that a judgment against an administrator is no more than prima facie evidence against the heirs or their grantees, of a claim against the estate. Woerner on Administration, pages 1029, 1032, 1271; Am. & Eng. Ency. of Law, 2d Ed., Vol. 2, page 924; Ency. of Law and Pro., Vol. 23, page 1275 ; Freeman on Judgments, Section 163.
- The general reason given for such rule is that there is no privity between the administrator and the heirs, and that they could have no opportunity to contest a judgment against the administrator, not being parties to the suit in which such judgment was rendered. Missouri is given as one of the exceptions to this rule, but in that state the scheme of administration is different from that of Ohio. For instance, in Missouri claims are not allowed by the administrator but by the probate court, and in Moody v. Peylon, 135 Mo., 482, the general rule is not followed because, as the court says on page 491, the heirs by express provisions of the statute had abundant opportunity after the claim was allowed by the probate court to appeal from such allowance. ' In Ohio the heir has nothing to say as to the allowance of a claim and is not a party to a suit against an administrator unless the claim was disallowed upon his requisition. He has no right to prosecute error proceedings to such judgment. Reich v. Butler, No. 10399 Supreme Court, unreported; Bates Pl. & Pr. (2d Ed.), Vol. 1, p. 817. *409 The reason, therefore, of the exceptional rule adopted in Missouri does not exist in Ohio. It is claimed by counsel that the general rule is not the rule in Ohio and Faran, Admr., v. Robinson, 17 O. S., 243, is given as authority therefor. In that case, according to the agreed statement of facts, no claim was made that the decedent at the time of his death did not owe the debt, and neither the general statute of limitations nor the statute of non-claim barred the recovery of a judgment against the administrator upon the claim, or the right of the administrator to bring his action to sell real estate to pay such claim. The two paragraphs in which the court states the exceptional rule as claimed were not necessary to decide the case as decided, and no reasons or authorities applicable thereto are given. However, the rule is stated in the syllabi of the case, and for the purpose of the case at bar may be accepted as the rule in Ohio until further consideration of such rule by such court.
Conceding, therefore, that the judgment obtained by Couden’s administrator against Frank H. Kemper, administrator of Parke F. Kemper, is conclusive against the heirs of Parke F. Kemper and their grantees so far as establishing the fact that J. T. Couden or his estate has a claim against the estate of Parke F. Kemper,’the question is still to be determined as to whether or not the administrator under the circumstances of this case can sustain an action to sell real estate to pay such claims. It may lie, also conceded that such claim was never formally presented, and that the payment of the separate interest notes may not be an allowance of the claim upon the principal note, but after the principal note became due, Frank II. Kemper, the administrator, paid the interest thereon for about five years, and as there was no duty upon the creditor to scrutinize the character of the cheeks which he received in payment so long as the checks were paid, he had a right in the absence of notice or understanding to the contrary to consider such interest as being paid by Frank II. Kemper, administrator, inasmuch as he received them from Frank II. Kemper, who was the administrator.
Payment of this interest upon the principal note was part of the claim and was an allowance. Thomas v. Chamberlain, 39 O. S., 112; Miller v. Ewing, Admr., 68 O. S., 176-183.
*410 The statute of non-claim does not run against an allowed claim unless subsequently disallowed and then only begins to run after such disallowance. Stewart’s Admr. v. McLaughlin’s Admr., 47 O. S., 555; Crouce v. Freiberger, 22 C. C., 315.
This claim upon the $2,500 note was therefore presented and allowed as early as July 24, 1895, and continued as an allowed claim until its validity as a claim against the estate was denied by the administrator. The record in the suit upon the note shows that issue was expressly taken as to such facts, and that such issues were material.
In so far as the judgment in that suit is conclusive, it is conclusive as to proper presentment and allowance sufficient to make inapplicable the statute of non-claim which would otherwise have barred the judgment against the administrator. Freeman on Judgments* Sections 249-272.
As an allowed claim, no suit was necessary until disallowance. An allowance is equivalent to a judgment, except that a judgment precludes subsequent disallowance. Gilbert’s Admr. v. Little’s Admr., 2 O. S., 156-160; Stewart’s Admr. v. McLaughlin’s Admr., 47 O. S., 255.
In so far as keeping the claim as a valid claim against the estate and preserving the rights of the creditors to share iir any personal assets which might come into the administrator’s hands, and the right to sue the administrator upon his bond, the claim, so long as it stood allowed, had all the effect which a judgment has, and a judgment has no more, except its subsequent disallowance is precluded.
The Couden claim and the judgment thereon may therefore be admitted to be a valid claim against the Parke F. Kemper estate, conclusive upon the administrator and the heirs, and the question in this case is still not determined, to-wit, the right of the administrator to sell real estate to pay such claim.
The right of the administrator to sell decedent’s real estate to pay debts in Ohio is purely statutory. Heirs of Ludlow v. Johnson, 3 O., 553-555-580; Heirs of Ludlow v. Wade, 5 O., 495-503; Pierce v. Skinner, 8 O., 162; Lieby v. Heirs of Ludlow, 4 O., 493.
It is not accurate to say that the lands of the decedent are charged with the payment of his debts, but rather that the lands *411 are liable to be charged (Noe v. Monterey, 170 Ill., 169-175). The statute prescribes the method of so charging them. In other words, the statute creates a statutory liability in favor of the creditors through the administrator upon the decedent’s land.
The right of the county treasurer to bring an action to sell lands to pay assessments thereon has been held to be founded upon a statutory liability, and the right to bring such suit has been held to be barred in six years under Section 4981, Revised Statutes. Hartman v. Hunter, 56 O. S., 175-178; Treasurer v. Martin, 50 O. S., 197-203; Linn St. B. A. v. Morgan, 47 B., 889; Wasteny v. Schott, 58 O. S., 410.
The right of an executor to bring an action under Section 6172, Revised Statutes, to sell real estate to pay legacies, which by the will are made a charge, not upon any particular pieces of real estate but upon all the real estate of the decedent, is barred if not brought within six years after the executor ascertains that the personalty is insufficient to pay such legacies (Longley, Admr., v. Stumpf, 11 B., 234-247; affirmed by the Supreme Court, 11 B., 299).
Section 6172 is similar to Section- 6136, under which the administrator brings his suit.
• In as much therefore as the right of the administrator to bring suit to sell real estate to pay debts is purely statutory, the reason for the applicability of Section 4981 to suits by county treasurers to collect assessments, and to suits by executors to pay legacies, makes such section applicable to the right of the administrator to bring his action.
The' assets of the estate may be lost to a creditor by the failure of the administrator to bring an ' action for recovery of such assets within the time prescribed by the statute of limitations, although the creditor under some circumstances may still have the right to recover damages for such neglect by suit upon the bond of the administrator.
Why should the right of the administrator to bring an action to charge the real estate be any more sacredly preserved for the creditor? The statute gives the creditor ample time and remedy to compel the administrator to perform his duties and gives him, unless guilty of laches, a right of action upon the bond of *412 the administrator for any damage by reason of failure to perform any and all duties.
Applying the six year limitation to the present suit, is the action barred? The six years does not begin to run until, under Section 6136, “the administrator shall ascertain that the-personal estate in his hands is insufficient to pay all the debts of the decedent.”
When Frank IT. Kemper, administrator, by the first payment of interest on the $2,500 note on July 24, 1.895, allowed the claim for the note, if the inventory of the personal estate filed by him on January 10, 1895, was correct, as must be assumed, he then knew that the personalty was not sufficient to pay the debts of the estate of which the Couden claim was one. Thomas C. Welch also knew it.
In Longley, Admr., v. Stump, 11 B., 234-247, Judge Avery considered that the six years began to run at the date of filing the account. ■ Frank II. Kemper filed his account, which was in effect a final account, on November 20, 1895. The present suit by the administrator was not filed until January 2, 1906, and even if the time between the filing of the foreclosure suit on October 23, 1901, and the judgment therein, on January 2, 1904, with a reasonable additional time was eliminated in accordance with the recognized principles applicable to statutes of limitation, the present suit is barred, especially when such suit was instituted for the-sole benefit of a creditor whose claim has either been allowed or been in judgment for more than six years.
Several Ohio cases are cited by the attorneys of the plaintiff as supporting their claim that there is no statute of limitations applicable to the bringing of a, proceeding to sell real estate to pay an. allowed claim or a claim in judgment.
In Taylor v. Thorne, 29 O. S., 569, the administrator had no right to sell the property, because it was protected from such suit as a homestead. The statute, therefore, did not begin to run until the homestead right terminated. The statute, therefore, did not begin to run until the administrator's right of action accrued by the termination of the homestead rights.
In Faren’s Admr. v. Robinson, 17 O. S., 243, the statute of limitations did not begin to ran against the claim until there was *413 both a person to sue and be sued (Horles v. Riddle, 74 O. S., 173-181). As soon as there was both a person to sue and be sued the claim was presented, promptly rejected and suit brought thereon. Until the judgment was obtained, the administrator could not bring a suit to sell real estate to pay such claim. He brought such suit promptly after the judgment ivas obtained oh the claim.
W. A. Hicks and D. F. Cash, for plaintiff.
Willis M. Kemper, Pogue <& Pogue, Roetiinger & Gorman, David Davis, Chas. M. Leslie. Wm. Walker Smith, Jr. and J. IT. Chas.'Smith, for defendants.
The case of Thomas v. Chamberlin, 39 O. S., 112, is not an action brought by an administrator to pay debts. It was an action brought against an administrator upon a claim which had long stood as an allowed claim, and which was subsequently disallowed. This case, therefore, was probably excellent authority for the court in the suit brought by Couden against Kemper, administrator, for a judgment upon his claim, but has no application to the case at bar, which is a suit brought by an administrator to sell real estate to pay debts. "Whether or not the administrator after the rendition of the judgment in Thomas v. Chamberlain could bring a suit to sell real estate to pay debts is a question not raised nor referred to in that case.
"Whether Section 4981, Revised Statutes, would be applicable to a suit brought by the creditor against the heirs under Section 6217, Revised Statutes, is not necessary to be now determined.
Nor is it necessary to determine whether the grantees of the heirs, without regard to the application of the six year statute, have or have not equitable defenses to the attempted exercise by the administrator of his right to sell their lands. The gross laches of J. T. Couden in asserting his rights, when such rights could have been asserted without detriment to the rights in good faith acquired by them, may be a sufficient defense in favor of such grantees to a suit prosecuted for the benefit of the Couden claim now owned by Couden’s attorney, who knew or should have known all that there was to be known about the matter. Woerner on Administration, p. 1024, Section 465.
The petition will therefore be dismissed.