[No. 1253, January 6, 1910.]

WILLIAM D. RADCLIFFE, Appellee, v. JOSE E. CHAVES, Adm., etc., Appellant.

SYLLABUS (BY THE COURT.)

1. Failure of the trial court to make special findings, as provided by C. L., Sec. 2999, is not a tenable assignment of error where no request for such findings was made and denied in the court below. Bank v. Baird, 13 N. M. 431, followed.

2. A motion to strike out the whole answer of a witness, where part of the answer is good, is properly denied.

3. In cases tried before the court it will be presumed that the court ultimately disregarded inadmissible testimony and the erroneous admission of testimony will afford no ground of error unless it is apparent that the court considered such testimony in deciding the case.

4. Under C. L., Sec. 3031, requiring, as a prerequisite

Radcliffe v. Chaves.

to receiving books of account, proof by customers that the party usually kept correct books, it is sufficient if it be shown by customers that during a period of years they had always found their accounts as tendered correct, coupled with testimony that such accounts were taken from the books in question, it not being essential that such customers shall have actually examined such books and compared their accounts with them.

5.    Under C. L., Sec. 3031, admitting books of account where the party kept no clerk, the fact that a physician's wife from time to time made entries in such books from his dictation did not constitute her a clerk so as to render the books inadmissible.

6.    The word "clerk" as used in the statute implies more than a mere amanuensis. It means one having knowledge of the business so as to be able of his own knowledge to testify as to it.

7.    Books of account shown to conform to the requirements of C. L., Sec. 3031, are admissible and when so admitted in a suit against an administrator may constitute "other material evidence" corroborating the claimant as required by C. L., Sec. 3021.

8.    Under C. L., Sec. 2550, interest runs on an open account against the estate of a deceased person, beginning six months after the date of the last item.

Appeal from the District Court for Valencia County before IRA A. ABBOTT, Associate Justice. Affirmed.

FRANK W. CLANCY for Appellant.

Plaintiff has no right to obtain a decision "on his own evidence in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence." C. L. 1897, secs. 3021, 2999; Gildersleeve v. Atkinson, 6 N. M. 260; 2 Bouvier's Law Dic. 167, Materiality; Maddox v. Sullivan, 2 Rich. Eq. 6; State v. Raymond, 20 Iowa 582; Best on Evidence, sec. 609; Greenleaf on Evidence,

sec. 257, note; State v. Buckley, 22 Pac. 838; Byerts v. Robinson, 9 N. M. 427, 430, 433, 434; Commonwealth v. Holmes, 127 Mass. 424, 444; People v. Ames, 39 Cal. 404; State v. Raymond, 20 Ia. 587; Iowa Code, sec. 2998; State v. Willis, 9 Ia. 583; Goltra v. Penland, 77 Pac. 133; Regina v. Parker, 1 C. & M. 639-644; Williams v. Comm., 91 Penn. 501, 502; Pulsifer v. Crowell, 63 Me. 24; State v. Kingsley, 39 Iowa 440; State v. Lenihan, 88 Iowa 673; Cunningham v. State, 73 Ala. 51; Cooper v. State, 90 Ala. 641, 8 So. 821; Railway Co. v. Strickland, 116 Ga. 439; State v. Gilliam, 66 S. C. 419; Ellicott v. Pearl, 10 Pet. 439.

To make books of account admissible in evidence, they must be brought within the terms of the statute. C. L. 1897, sec. 3031; Price v. Garland, 3 N. M. 513.

FELIX H. LESTER for Appellee.

A general finding of facts by the court, where a jury is waived, is sufficient upon which to base a judgment, and the court is not bound to make special findings in the absence of a request therefor. C. L. sec. 2999; Lund v. Ozanne, 13 N. 293; Ford v. Springer Land Association, 8 N. M. 59; Territory v. Watson, 78 Pac. N. M. 504; Bank of Commerce v. Baird Mining Co., 13 N. M. 431; Kilbourn v. Anderson, 77 Ia. 503, 42 N. W. 431.

The evidence of plaintiff was sufficiently corroborated by other material evidence to support the judgment. St. John v. Lofland, 5 N. D. 140, 64 N. W. 930; Wigmore on Evidence, secs. 578, 2065; Garnett, L. R. 31, ch. D. 1, 9; Roche v. Ware, 71 Cal. 375, 12 Pac. 284; Whitney v. Whitney, 82 Cal. 163, 22 Pac. 1138; Bushnell v. Simpson, 119 Cal. 658, 51 Pac. 1080; Nicholas v. Haynes, 78 Pac. 174; St. Paul Fire & Marine Ins. Co. v. Gotthelf, 35 Neb. 351, 53 N. W. 137; Waldon v. Evans, 1 Dakota 11, 46 N. W. 607; Charles v. Bishoff, 1 Atl. 572; State v. Schlagel, 19 Iowa 169; State v. Allen, 10 N. W. 807; People v. Plath, 100 N. Y. 593, 3 N. E. Rep. 790; People v. Ogle, 11 N. E. 54; Todd v. Martin, 37 Pac. 873; Succession of Piffet, 37 La. Ann. 871.

Findings of a trial court are equivalent to a verdict

Radcliffe v. Chaves.

of a jury. Candelaria v. Miera, 13 N. M. 360 and cases cited.

Applications for leave to amend are addressed to the sound discretion of the trial court and the action of the court in refusing or permitting an amendment is not reviewable on appeal. Puritan Mfg. Co. v. Toti & Gradi, 94 Pac. 1022; Sanchez v. Candelaria, 5 N. M. 400; Gildersleeve v. Atkinson, 6 N. M. 263; Adams v. Adams, 21 Vt. 162; Holmes v. Holmes, 26 Vt. 536; Francis v. Lathrope, 2 Tyler 372; Manghan v. Burns' Estate, 23 Atlantic 584; Carson v. Waller, 78 S. W. 657; Cutler v. Ellis' Estate, 30 Atlantic 688; McCall v. Lee, 11 N. E. 522; Brown v. Brown, 28 Atlantic 666; Kilpatrick v. Helston, 25 Ill. App. 127.

Admission of evidence under C. L. 1897, sec. 3031. Wigmore on Evidence, secs. 1520, 1560; Lewis Suth. Stat. Con., secs. 267, 487; Jones on Evidence, sec. 582; 1 Greenleaf on Evidence, 12 ed., 1866, secs. 117 et seq.; McKenzie v. King, 3 Pac. 705; Taylor v. Tucker, 1 Ga. 231; Smith v. Smith, 163 N. Y. 168, 52 L. R. A. 545; Jackson v. Evans, 8 Mich. 476; Seven Day Adventist Pub. Co. v. Fisher, 95 Mich. 274, 54 N. W. 759; Cohn v. Salinus, 2 Tex. App. 615; Kilbourn v. Anderson, 77 Ia. 501, 42 N. W. 431; Montague v. Dugann, 68 Mich. 98; Lester v. Thompson, 91 Mich. 250; Blumhardt v. Rohr, 70 Md. 328, 17 Atl. 266; Lynch v. Grayson, 5 N. M. 508; Coleman v. Bell, 4 N. M. 21, 27, 12 Pac. 657; Lamy v. Catron, 5 N. M. 373, 380, 23 Pac. 773; Coler v. Board of County Commissioners, 6 N. M. 88, 115, 27 Pac. 619; Pearce v. Strickler, 9 N. M. 467, 471, 54 Pac. 748; McKenzie v. King, 93 Pac., N. M. 705; Bushnell v. Simpson, 51 Pac. 1081; Seven Day Adventist Pub. Co. v. Fisher, 95 Mich. 274; Brown v. Wrightman, 62 Mich. 557; Levine v. Lancashire Ins. Co., 66 Minn. 138, 68 N. W. 855; Alling v. Brazel, 27 Ill. App. 595; Oliver v. Phelps, 20 N. J. L. 180, 21 N. J. L. 597; District of Columbia v. Woodbury, 136 U. S. 450, 10 Sup. Ct. Rep. 990; Frisk v. Reigelman, 43 N. W. Rep., Wis. 1119; White v. White, 23 Pac. Rep. 284; Hathaway v. Bank, 134 U. S. 494, 10 Sup. Ct. Rep. 608; Zans v. Stover, 2 N. M. 29; Kundinger v. Railway

Co., 51 Mich. 185, 16 N. W. Rep. 330; Arthurs v. Hart, 17 How. 12; Taylor v. Tucker, 1 Ga. 231; Boyer v. Sweet, 4 Ill. 120; Patrick v. Jack, 82 Ill. 81; Atwood v. Barney, 8 Hun. 1, 29 N. Y. Sup. 810; Stroud v. Tilton, 3 Keyes, 139; Pearce v. Strickler, 9 N. M. 467.

The facts are stated in the opinion.

### OPINION OF THE COURT.

POPE, J.—The appellee Radcliffe filed an itemized claim in the probate court of Valencia County against the estate of one Chaves, deceased, for services as physician from April 2, 1904, to April 10, 1905, the account aggregating $1,410.00. The Probate Court allowed $472.00. Upon appeal to the District Court by Dr. Radcliffe the cause was tried before the court and a judgment rendered for $1,047.35. From that judgment an appeal is prosecuted to this court by the administrator.

The assignments of error are numerous but most of them may be briefly disposed of.

It is urged that the court erred in failing to make findings of fact and conclusions of law as provided by section 2999, C. L. We have recently held, however, in Bank of Commerce v. Baird Mining Company, 13 N. M. 431, that such failure is not available as error where such findings are not specially requested, nor the omission to make them called to the attention of the court by some appropriate motion. In the present case no such request was made and the administrator must be assumed therefore to have acquiesced in the sufficiency of the general finding embodied in the judgment. We entertain no doubt that had the omission been called to the attention of the trial judge he would have made findings. We do not, however, consider it sound practice that complaint of such omission should be made in the first instance in this court, necessitating a remanding of the case when this could have been obviated by timely application in the court below.

It is said that the court erred in refusing to strike out the answer of the witness Emma Radcliffe who in re-

Radcliffe v. Chaves.

sponse to a question as to what she knew as to Dr. Radcliffe's having attended the deceased said: "Why, I know of his earning the fee and seeing the buggy stop at the house which I could see from our house; also making a charge on the books." At least so much of the answer as refers to the doctor's buggy stopping at the house of deceased was competent evidence as corroborative of the claim that he visited deceased professionally. A motion directed **2** against a whole answer, part of which is good, is properly overruled.

A like observation applies to an answer of the witness Wittwer, given in response to the question as to whether he knew of his own knowledge of Dr. Radcliffe's refusing to leave during the last month of the illness of deceased, to which he replied: "Yes, sir; I could not give any specified date, but I know Dr. Radcliffe told me personally that he could not leave and also specified that it was on account of Felipe Chavez." Upon objection to the whole answer upon the ground that it was incompetent and hearsay the court ruled: "A part of it is hearsay." From this it is evident that the court disregarded the latter portion of the answer as hearsay in rendering decision, so that a failure to strike out the whole answer was not error and even if erroneous was not prejudicial. It is a familiar rule of this court, applicable to each of the last two assignments of error that in cases tried before the court the erroneous admission of testimony will **3** afford no ground for reversal unless it is apparent that the court considered such testimony in deciding the case. Lynch v. Grayson, 5 N. M. 487, 508, s. c. 163 U. S. 468.

It is further said that the court erred in admitting in evidence the claimant's books of account marked "C" and "D." The testimony showed that the initial memorandum of professional visits made was in two physician's pocket day books, which were received in evidence as Exhibits A and B. These latter, however, while recording all the visits, failed after a certain date to record the charges for such visits. As conceded by appellant's counsel in his brief: "It was shown by plaintiff that while these books were

ledgers and the books marked "A" and "B" were his original memorandum books, yet in part the entries in the ledgers were original entries made there for the first time and to that extent they might be considered books of original entries and admissible in evidence, if otherwise competent under the statute." Two respects are suggested, however, in which it is said these books fall short of the statutory requirements to render them admissible, first, in that there is no proof by appellee's customers that he usually kept correct books, and second, it is not shown that he kept no clerk, or else that the clerk was dead or inaccessible. The contention is in short that the third and first requirements of C. L., section 3031, have not been met. That section is as follows: "Hereafter in the trial of civil causes in the courts of this Territory, the books of account of any merchant, shopkeeper, physician, blacksmith or other person doing a regular business and keeping daily entries thereof, may be admitted in evidence as proof of such accounts upon the following conditions: First. That he kept no clerk, or else the clerk is dead or inaccessible. Second. Upon proof, the party's oath being sufficient, that the book tendered is the book of original entries. Third. Upon proof, by his customers, that he usually kept correct books. Fourth. Upon inspection by the court to see if the books are free from any suspicion of fraud."

This section has been the subject of consideration by this court in a number of cases. In Price v. Garland, 3 N. M. 505, certain books of account were not received in evidence because the proof did not measure up to this statute. In Byerts v. Robinson, 9 N. M. 427, it was held that section 3031 supersedes the common law and that books of account cannot be received unless the statutory requirements are first complied with. In McKenzie v. King, 93 Pac. 703, it was held by this court, diverging from Byerts v. Robinson, that section 3031 supplemented but did not supersede the common law rule and that a book kept by a clerk, who testifies to having made the entries, is admissible without the proof required under section 3031. Appellee contends that the books offered below were properly

received if not under section 3031, then under the doctrine of McKenzie v. King. This leads us to determine whether the preliminary proof was sufficient. First, as to the proof by customers. Two witnesses—Raff and Gerpheide—testified to appellee's having been their physician during a long period of years and that his statements of account as rendered to them had always been correct. The admission of the testimony of these two witnesses is also assigned independently as error. We think, however, that it was properly received and that in connection with the testimony of appellee that his bills were made from this ledger, it was sufficient to show the correctness of his books.

**4**   While it is true that the customers do not in so many words testify that his books were generally speaking kept correctly, they do testify that their accounts—which appellee testified came from the books—were uniformly correct. It would be an unreasonable construction of the statute to hold that the customer, before he could testify, must have inspected the books and be prepared to testify to their general accuracy. The character of the books may be determined by their results. Where, therefore, as here, two patients come in and testify that their accounts as presented were uniformly correct and where as here it is shown that such accounts were drawn from the books in question, the law infers from the treatment of the two a like treatment of the remainder and considers the verity of the books established. We are not unaware that there are cases cited as holding to a stricter rule. Most of them are mentioned in the note to 2 Ency. of Evidence, 632. An examination of these will show, however, that with the exception of the New York decisions the cases do not sustain the text. As to the New York cases they will be found to be from the intermediate courts of that state and their declaration of the rule is different from that embodied in our C. L. Sec. 3031, which latter is of course in this jurisdiction controlling. We hold therefore that there was sufficient proof to justify the trial judge in his finding that appellee's books were usually kept correctly.

But it is further urged that appellee kept a clerk and therefore section 3031 does not apply. The testimony on

this point is that Dr. Radcliffe, was accustomed to transfer to his ledger—usually at the close of each day's work—the charges for the various visits made, as shown by his pocket memorandum book.  His wife often acted as his amanuensis in making these entries.  She had no knowledge of the visits nor the charges (save as he gave them to her) either from memorandum or memory.  We are of opinion that this did not make her his clerk within the meaning of the law.  Statutes of the nature of our section 3031 were passed at an early day to relieve cases from the hardship of the common law rule that no party to a cause could testify. By allowing the party's books to speak for him —when these were shown to be properly kept—failure of justice was avoided.  Where a clerk was kept, however, the necessity for the rule failed and thus with it the rule, since the clerk, if not dead or inaccessible, could, not being a party, give the necessary proof. But the clerk here contemplated was one having actual knowledge of the sales and the business and who by virtue of that fact could testify of his own knowledge to the correctness of the accounts.  It was never intended to include a mere amanuensis.  Thus in McGoldrick v. Traphagen, 88 N. Y. 334, it was held that a mere bookkeeper was not a clerk within the meaning of the statute.  In that case it was said: "The rule excluding books of account kept by a party who keeps a clerk applies only where there is an employe who has something to do with and has knowledge generally of the business of his employer as to goods sold or work. done so that he can testify on the subject." So also in Smith v. Smith, 163 N. Y. 168, 52 L. R. A. 545, (with full note) it was shown that plaintiff's wife kept his books, making the entries thereon from memorandum furnished by him as made after the delivery of the coal.  The court says: "Of course the plaintiff's wife cannot be claimed to be a clerk within the meaning of the rule.  The clerk so intended means one who had something to do with and had knowledge generally of the business of his employer and who would be enabled to testify upon the subject of the goods sold." To the same effect are the cases cited in the notes to this case. 52 L. R. A. 571. Without

Radcliffe v. Chaves.

recourse to the doctrine of McKenzie v. King, we hold, therefore, that under our statute the books were not objectionable upon either of the grounds urged and were properly received in evidence.

It is further and chiefly contended that the court erred in rendering judgment for the appellee because, his claim being one against an administrator, there could be under C. L. Sec. 3021 recovery only where the testimony of the claimant "is corroborated by some other material evidence." It is contended that such corroborating evidence was absent. In determining this matter we accept as expressing the doctrine of this court the language used in Gildersleeve v. Atkinson, 6 N. M. 260, and reiterated in Byerts v. Robinson, 9 N. M. 427, 432, as follows: "Corroborating evidence is such evidence as tends, in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegations or issue, if unsupported, would be fatal to the case and such corroborating evidence must of itself without the aid of any other evidence exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports. Such evidence will not be material unless the evidence sought to be corroborated itself supports the allegation or point in issue."

Within the rule just stated was the plaintiff's testimony corroborated by other material evidence? This involves an analysis of the account sued on. This was composed of several classes of items. There were (1) 167 visits for which there was a charge of five dollars per visit. In addition there were (2) extra charges for some 16 ordinary examinations of urine at five dollars each; (3) for some five microscopic examinations—necessitating trips to Albuquerque—extra charges of twenty-five dollars each; (4) for washing out bladder six times at ten dollars each; (5) for limiting practice in order to stay near patient 69 days at five dollars per day $345.00; (6) for all day and all night service on the date of the patient's death $50.00. The plaintiff testified to the correctness of all of these

charges.  Being of six separate classes, corroboration of one would not suffice to sustain the other.  We proceed therefore to see what further "material evidence" is contained in the record to support each class of charge. As we have seen the books of the claimant were properly received in his behalf, and when so received we consider them as constituting, under section 3031, "proof of such accounts" and were material evidence, corroborating his testimony.  Bushnell v. Simpson, 119 Cal. 658.

But claimant went further. The testimony of his wife showed that he had attended deceased as physician a number of times during the period charged for.  Dr. Wittwer testified to a knowledge of the case and to the necessity for examination of the urine, both ordinary and microscopic, to the fact that six of the former had been made with his help and to the reasonableness of the charges made therefor, to the presence of claimant there the night and day on April 10th, to the fact that his presence was for the purpose of keeping patient alive until some one who had been notified could arrive, and to the reasonableness of the charge of fifty dollars therefor; to his knowledge of the fact that claimant had for a considerable period previous to the death of Mr. Chaves limited his practice to Mr. Chaves and declined outside practice and that a charge of five dollars a day was a reasonable charge for such limitation.  He further testified that $2.00 was a reasonable price for the ordinary visit of a physician.  Mrs. Benigna Jaramillo testified for claimant that she was nurse in attendance upon deceased for two months and eleven days before his death and that during that period, on Mr. Chaves's request, the claimant attended, making sometimes two and sometimes three visits a day and sometimes at night, and that Mr. Chaves from February, 1905, on asked claimant to be in attendance on him constantly during the time until he either died or got well.  This last was corroborative of claimant's testimony to the effect that he had upon the special request of deceased limited his practice so as to be near him during the last sixty-nine days of his illness.  We deem this testimony, in connection with the books, sufficient to corroborate and sus-

Radcliffe v. Chaves.

tain all six of the classes of items above mentioned.

It is said, however, that even conceding this last, two of these classes of items should not have been allowed as claimed, for the reason, as to the item for 167 ordinary visits that the weight of the testimony is that two dollars per visit was the ordinary charge, whereas five dollars per visit is charged; and as to the item of fifty dollars for services day and night on April 10, 1905, that this was not claimed in the probate court and was improperly admitted by amendment on the trial in the district court, being barred by C. L., Sec. 2062, requiring such claims to be filed with the administrator within a year. A plain answer to each of these assignments, however, is that the court in rendering judgment apparently decided both of these' contentions in favor of appellant. The claim, exclusive of the fifty dollar item last mentioned, was $1,410.00. Deducting from this $501.00 on account of alleged overcharge of three dollars on each of 167 visits, the balance is $909.00.

Interest was allowable on this from October 10; 1905, six months after the date of the last item, to date of judgment, June 24, 1908. C. L. Sec. 2550; Armijo v. Neher, 11 N. M. 645, 655; Parker v. Parker, 33 Ala. 459; Newel v. Keith, 11 Vt. 214. This at six per cent, the statutory rate, added to the principal, makes a sum slightly in excess of that for which judgment was given. It is manifest, therefore, that in rendering judgment the court decided both of these points in favor of the administrator, limiting the first class of items to two dollars each and rejecting the fifty dollar item entirely.

The judgment is accordingly affirmed.

Associate Justice Cooley took no part in this decision.