176 P.2d 915

**EDINGTON v. EDINGTON.**

No. 4965.

Supreme Court of New Mexico.

Jan. 24, 1947.

W. T. Scoggin, Jr., and J. B. Newell, both of Las Cruces, for appellant and cross-appellee.

Joseph W. Hodges and J. R. Wrinkle, both of Silver City, for appellee and cross-appellant.

LUJAN, Justice.

This was an action for divorce, division of property and custody of the infant

daughter of the parties. A divorce was granted and by stipulation the property rights were settled and the child given to the custody of the parties, each being allowed custody for an equal length of time during each year. The decree provided that the custody of the child should be so settled until the further order of the court. Thereafter a number of motions were filed by the respective parties seeking to obtain complete control of their child. An application was made on July 17, 1945, by the plaintiff for the complete custody of the child setting out grounds why he was entitled thereto. The defendant answered and after a hearing the trial court made the following material findings of fact:

"1. That the testimony and proof submitted by the plaintiff in support of paragraph one of his motion are insufficient to warrant or require any change in the order heretofore made and that paragraph one of the motion should be denied.

"2. That in the Court's opinion there is no ambiguity in the order heretofore made; that the intention is clear but that as long as there is some controversy in the matter that the Court feels a new order should be filed in said cause clarifying the order heretofore made."

"5. The Court further finds that while no formal pleading was filed before the Court in behalf of the defendant for exclusive custody of the said Joy Raynette Edington; that when plaintiff's motion was filed it reopened the question of custody and care again and the Court has considered the request of defendant's attorneys for exclusive control and custody of the said Joy Raynette Edington and feels that the situation is such that it does not require any change in the order heretofore made."

From the foregoing findings the court concluded as a matter of law:

"It is, therefore, Ordered, Adjudged and Decreed that the motion of the plaintiff be and the same is hereby denied * * *

"It is further Ordered, Adjudged, and Decreed that the care, custody and control of the said minor child, Joy Raynette Edington, be awarded and divided between the parties as follows: that the defendant shall have said child for one year dating from July 4, 1945, and upon expiration of said year the defendant shall return said child to plaintiff at Lordsburg, New Mexico, and deliver her to the plaintiff who shall have the care and custody of said minor for the ensuing one year; and that thereafter care, custody and control of said child shall be divided alternately between the parties, each having the care, custody and control of her for one year and upon the expiration of said period, the said child shall be re-

turned to Lordsburg and delivered to the party then entitled to her custody.

"It is further Ordered, Adjudged and Decreed by the Court that the party having custody of said child shall notify the other party as to the whereabouts, health, activity and welfare of said child, monthly; and that said monthly reports will be made on or before the 15th day of each month hereafter.

"It is further Ordered, Adjudged, and Decreed in regards to visitation that either party may permit the other party to visit said child at reasonable times when such visit will not interfere with the regular schooling of said child and that the parties may agree between themselves to permit each other to have the child over a week-end.

"It is further Ordered, Adjudged and Decreed that the request of the Defendant for the exclusive care, custody and control of said child be, and the same hereby is, denied."

The statute, 1941 Comp., Sec. 25-706, authorizing this action is as follows:

"In any suit for the dissolution of the bonds of matrimony, division of property, disposition of the children, or for alimony, the court * * *, on final hearing * * * may modify and change any order in respect to the guardianship, care, custody, maintenance or education of said children, *whenever circumstances render such change proper.* Said district court shall have exclusive jurisdiction of all matters pertaining to said guardianship, care, custody, maintenance and education of said children, * * *." (Emphasis ours)

That the district court has a very wide discretion in the matter of awarding the custody of children has been so often held that it will suffice on the point to cite only one recent opinion of this court, Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125. It should be borne in mind that, upon a proceeding to modify a provision for the custody of a minor child, the burden is on the moving party to satisfy the court that circumstances have so changed as to justify the modification. Every presumption is in favor of the reasonableness of the original decree, and, in the absence of a showing that compels the conclusion that the decree should be modified, an appellate court cannot interfere with the trial court's refusal to modify it.

The only question before us is whether there has been any change of circumstances since the original decree was entered, which requires its modification. The record shows no material change bearing upon the necessity or the justice of modifying the provisions for the custody of the child and the court was not in error

in refusing to do so. See 19 C.J. 350, 351; 27 C.J.S., Divorce, § 317; White v. White, 77 N.H. 26, 86 A. 353.

■ The welfare of the child is the matter of primary concern, paramount to the wishes of parents. Both parties asked for the absolute care, control and custody of the child. The court had the decision to make of giving the custody of this child to either parent, or awarding the custody evenly between them. The mother has remarried since the divorce and is in a position to give the child a good home; the father, likewise, is in a position to give his daughter a good home with his mother and relatives who are good people, and who could assist him in properly caring for her.

■ The child is now nine years of age. It will soon become manifest whether she is being nurtured, educated, and trained to meet the duties and responsibilities of life under the present arrangement. The order of the court places her with her father for the term of one year, and with the mother another year, thus alternating annually. Each party will thus have the opportunity to observe the growth and development, mental and physical, of their daughter, and the district court is always open, by its order, to meet whatever change of circumstances may arise, and to supervise alike the conduct of father and mother with respect to the child, with an eye single to the promotion of its interests. See Nelson on Divorce and Separation, Sec. 809-975; Cummins v. Cummins, 59 Mont. 225, 195 P. 1031; Blair v. Blair, 40 Utah 306, 121 P. 19, 38 L.R.A., N.S., 269, Ann.Cas.1914D, 989; 19 C.J. 249, 264, 341; Vol. 27 C.J.S., Divorce, §§ 232, 236, 303; Black v. Black, 149 Cal. 224, 86 P. 505; Welch v. Welch, 33 Wis. 534; Pittman v. Pittman, 3 Or. 553; Lyle v. Lyle, 86 Tenn. 372, 6 S.W. 878; 9 R.C.L. 285.

The appellee, plaintiff below, himself sought and was granted a cross-appeal. His failure to prosecute same suggests that he subsequently became satisfied to abide the decree as it stands.

It follows from what has been said that the order of the district court should be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE and SADLER, JJ., concur.

McGHEE, J., did not participate.