498 P.2d 674

**Elton Ray DAVIS, Plaintiff-Appellant,**

**v.**

**Justina DAVIS, Defendant-Appellee.**

**No. 9348.**

Supreme Court of New Mexico.

June 30, 1972.

Catron, Catron & Donnelly, Santa Fe, for appellant.

Bigbee, Byrd, Carpenter & Crout, Harl D. Byrd, Paul D. Gerber, Santa Fe, for appellee.

## OPINION

COMPTON, Chief Justice.

This is an appeal from an order of the District Court changing custody of three minor children from the father, appellant, to the mother, appellee.

Suit was initially filed by appellant in Santa Fe County, seeking a divorce from appellee, for the custody of the three children of the parties, and for a division of the community property. During pendency of the Santa Fe procceding, appellee filed suit for divorce in California in which she sought the custody of the children. The California court awarded custody of the children, pendente lite, to the appellant. Upon returning the children to New Mexico appellant was granted a divorce, a division of the community property, and was awarded the custody and control of the children. Some eight months later appellee filed a petition seeking a change of custody of the children from the appellant to her. Following a hearing on the petition,

the court ordered the change of custody to appellee. Appellant superseded the ruling of the court pending the outcome of this appeal.

The trial court found:

1. That since the time of the entry of the Final Decree of Divorce herein, there have been changes in the environment, physical condition, mental attitude and financial condition of Defendant and other changed conditions in regard to the appropriate care, custody, control, welfare and best interests of said minor children.

2. Both Plaintiff and Defendant are fit and proper persons to be awarded the care, custody and control of said minor children.

3. That a period of time should be afforded in order for the Defendant, Justina Hayden, to establish the home recently purchased by said Defendant and her husband Lee Hayden, and to otherwise prepare for the transfer of the custody and control of said minor children.

5. That the best interests and welfare of said minor children would be served by the children continuing to reside with the Plaintiff until the 1971 Christmas school vacation at which time Plaintiff should, at his own expense, deliver custody of said minor children to the Defendant at her residence in California provided there has been no significant adverse change in the living conditions and environment afforded in California by Defendant.

7. From and after delivery of custody of said minor children by Plaintiff to Defendant, as aforesaid, the best interests and welfare of the minor children of the parties would be subserved by awarding the care, custody and control of said minor children to the Defendant subject to the aforesaid rights of visitation in the Plaintiff.

Appellant contends (a) that the findings are not supported by substantial evidence, (b) that the court erred in admitting hearsay evidence and (c) that he was denied the right of cross-examination of a witness.

At the outset it should be restated that the paramount issue before this court is the best interests and welfare of the children. This premise and the fact that the trial court has great discretion in matters of this type, is the point from which we proceed. Terry v. Terry, 82 N.M. 113, 476 P.2d 772.

In Bell v. Odil, 60 N.M. 404, 292 P.2d 96, our court stated:

"* * * that the pleadings and procedure upon modification of a custody award are, and because of their nature should be, far more elastic than is the case with usual adversary proceedings. *The discretion of the court in these matters is far-reaching.*" (Emphasis added.)

See also, Urzua v. Urzua, 67 N.M. 304, 355 P.2d 123.

Though there is no statutory requirement that a change of circumstances must be shown before a custody decree will be modified or changed, it is well settled in this jurisdiction that a showing of changed circumstances is a prerequisite to modification or change of custody. Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838. The change of circumstance must be shown to be of a material nature before a modification or change is justified. Edington v. Edington, 50 N.M. 349, 176 P.2d 915; Tuttle v. Tuttle, supra, and the burden of showing a material change of circumstances rests upon the moving party. Edington v. Edington, supra. Compare Kerley v. Kerley, 69 N.M. 291, 366 P.2d 141, and Fox v. Doak, 78 N.M. 743, 438 P.2d 153.

From our review of the record, we are convinced that the appellee has sustained the burden required for a change of custody. The testimony of a psychiatrist, coupled with the testimony of other witnesses introduced by appellee, constitutes substantial evidence and supports the order of the court. In Tapia v. Panhandle Steel

Erectors Co., 78 N.M. 86, 428 P.2d 625, this court defined substantial evidence as:

> "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (Citing Wilson v. Employment Sec. Com'n, 74 N.M. 3, 389 P.2d 855)

 As to appellant's second contention the court admitted into evidence certain letters relating to appellee's standing in California. We agree the admission of the letters violated the hearsay rule, but the error was harmless when viewed in light of all the evidence. There was other substantial evidence which would sustain the findings of the court; the letters were merely cumulative. In Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, this court, citing with approval 5A C.J.S. Appeal and Error § 1724, said:

> " * * * it is said that error in the admission of evidence may not constitute ground for reversal where the evidence which has been admitted is merely corroborative or cumulative. * * * 'Moreover, error committed in the admission of evidence may, on appeal, be considered to be harmless where the legal evidence abundantly established the case.' "

Keil, supra, citing Radcliffe v. Chaves, 15 N.M. 258, 110 P. 699, further stated:

> " 'In cases tried before the court, it will be presumed that the court ultimately disregarded inadmissible testimony, and the erroneous admission of testimony will afford no ground of error, unless it is apparent that the court considered such testimony in deciding the case.' "

The burden of establishing prejudicial error was upon the appellant, Keil v. Wilson, supra, and he has failed in that regard.

 As to appellant's contention that he was denied the right to cross-examine a witness, we again do not agree. The trial court announced that he was going to call a witness for examination. Thereupon the appellant stated that he reserved the right to cross-examine the witness. After the court had questioned the witness, appellant did not request an opportunity to cross-examine the witness but instead asked if he could present some authority to the court. Appellant can not now be heard to say that he was denied the opportunity to cross-examine the witness.

The order should be affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.