[No. 8,916. In Bank.—July 26, 1884.

## JAMES B. WEIR, APPELLANT, v. NATHAN R. VAIL, RESPONDENT.

JUDGMENT—SURPRISE—FRAUD.—In an action upon a judgment obtained in a sister State, in which the losing party—the defendant—was duly served with summons and appeared by attorney, the judgment cannot be attacked on account of matters of which he might have availed himself in the original action, when there is no proof of fraud or surprise.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Glassell, Smith & Patton,* for Appellant.

*J. F. Godfrey* and *F. H. Howard,* for Respondent.

MYRICK, J.—This is an action brought on a judgment recovered by plaintiff against defendant in the Supreme Court of the State of New York. The court below permitted the defendant to go behind that judgment and interpose as a defense matters existing when the action on which the judgment was rendered was brought, and, finding that by fraudulent practices the defendant had been prevented from having the benefit of his defense, enjoined the collection of the judgment. The correctness of such action on the part of the court is the question for consideration.

Weir, Vail, and one White had entered into an agreement with reference to obtaining franchises for the construction and operation of tramways in cities of Great Britain, and under that agreement steps had been taken by the parties without profitable results. The defendant Vail claims that at this point Weir and White had abandoned the agreement, and that he had the right to proceed with the enterprises alone. He did proceed, with favorable results, and realized a large sum. The action in the New York court was brought by Weir against Vail, to recover his asserted proportion of the amount so realized. White was made a party defendant, he having been a party to the agreement. Summons was served on Vail May 15, 1872; on that day he had attorneys in New York for his interests, and on the 10th of June, 1872, his answer was filed by them. When the suit was commenced, Vail was a resident of England, and was temporarily in New York. He soon left New York, and never again returned there. The answer of Vail set up the failure of Weir to perform the agreement on his part, and that the agreement had been cancelled by the parties. This is substantially the defense now interposed, other than alleged fraudulent practices in the procuring of the judgment. Three years after the suit was commenced, viz., May 28, 1875, under a commission issued out of the New York court, the deposition of Vail was taken in London, which was used at the trial. This deposition contained several letters from Weir and White, and Vail's answers to forty-five interrogatories. These answers went quite fully into the transactions between the parties, and the proceedings had by them in reference to the subject-matter of the agreement, how fully, as compared with the evidence of Vail on the present trial, need not be considered. Sufficient to say, that he was apprised by the suit of the claim made by the plaintiff; he employed attorneys to defend him, his answer was filed, and his deposition was taken and used on the trial; it thus appears that he had the opportunity of being heard, and was heard, so far as he and his attorneys then deemed important. In 1876 the trial in New York was had. At that trial (his attorneys being present), the testimony of Weir and White was taken, and was in conflict with the views of Vail. On the 5th of December, 1876, the court filed its findings, and adjudged that Vail was

liable to account to plaintiff and White for the moneys received by him, and that a reference be had to ascertain the amounts. On the 4th of August, 1877, an order of reference was made. On the 31st of October, 1879, under a commission issued out of the New York court, the deposition of Vail was taken in Los Angeles, in this State (he having removed to that place), consisting of answers to twenty-five interrogatories, in which he again went quite fully into the transactions of the parties. This deposition was used before the referee. On the 20th of March, 1878, the report of the referee was filed, and on the 20th of October of that year judgment was rendered in favor of the plaintiff, and against this defendant, for $78,580.75 and costs. In 1874 the depositions of three witnesses were taken in London, which were used at the trial. During all these proceedings Vail was represented by attorneys in the New York court.

The present action on the judgment was commenced June 17, 1881, and the defendant's answer was filed June 23, 1881. The present defense consists, as before, of an alleged abandonment of the contract; failure to comply with its terms, and cancellation; and in order to do away with the effect of the former judgment, the answer contains allegations of fraudulent practices on the part of Weir and White, by which the defendant was lulled into security and prevented from making as complete a defense in the former suit as he otherwise would have made.

From the foregoing facts it will be seen that the former action was pending (with Vail's knowledge) from May 15, 1872, until October 20, 1878, and was during all that time (six years and five months) being defended by him. He was not in New York in person, as he was traveling in Europe, America, and elsewhere for his health; but he was represented by attorneys of his own selection, and had some correspondence with them. Before the judgment he knew that Weir and White had given their evidence, and that it was against him. There is no evidence tending to prove that he could not, if disposed, have offered any defense existing. There is no substantial difference in his testimony as given now and then, except that now it goes more into detail, and also contains exhibits not before presented, including letters of Weir and White written to him before the commencement of the first suit.

We do not think it can be properly said that he was prevented by any fraudulent practice of the plaintiff from making any defense that he then deemed important. He may have been, as he doubtless was, disappointed that the testimony of White was against him. He might well have anticipated that Weir's views of the facts were different from his own, else why the suit; but as to White, he had full opportunity to know what his evidence was after it was given; it does not appear that before the trial he inquired of White as to the particulars of what his (White's) testimony would be, but relied upon general declarations that "the suit was an outrageous proceeding on the part of Weir," that he (White) " would be with him " (Vail), and "if he could do anything for him he would be there." No motion for new trial was made, no appeal was taken, and no surprise manifested until the commencement of this suit.

We are of opinion that if the judgment should have been other than it is, the misfortune is attributable to the neglect of defendant to take such steps as were within his power to avert the result. A party having had an opportunity of being heard, and, having been heard, cannot complain if he did not speak as fully as he might have done.

" Relief will not be granted by staying proceedings at law, after a verdict, if the party applying has been guilty of laches as to the matter or defense, or might, by reasonable diligence, have procured the requisite proofs before the trial. Thus, if a defendant has omitted to file a bill for a discovery of facts known to him, and material to his defense, and suffered the case to go to trial without adequate proof of such facts, he cannot afterwards claim an injunction, or a new trial, from a court of equity; for it was his own folly not to have prepared himself with such proof, or to have filed a bill for a discovery, and to have procured a stay of the trial until the discovery. So, if the facts on which the bill is founded, although discovered since the trial, might have been established at the trial, upon the cross-examination of a witness, and the party was put upon the inquiry, relief will be refused. So, where a verdict has been obtained at law against a defendant, and he has neglected to apply for a new trial within the time appointed by the rules of the proper court of law, courts of equit  will not entertain a bill for an injunction

upon an alleged ground that the original demand was unconscientious or the subject-matter of an account, provided it was competent for the party to have laid those grounds before the jury on the trial, or before the court of law upon the motion for a new trial.

"Indeed, this doctrine is not limited to mere cases decided in the courts of common law; but it is applicable to all cases where the matter of the controversy has been already decided on by another court of competent jurisdiction, even though it be a foreign court, or where it might have been made available in that court, as a matter of claim or defense in a suit pending in such court. For it has been truly said, not to be the practice of courts of equity to assume jurisdiction in favor of parties who, having had an opportunity of asserting their title in another court, where the matter has been properly the subject of adjudication, have either missed that opportunity, or have not thought proper to bring their title forward." (2 Story Eq. Jur. §§ 895, 895 a; U. S. v. Throckmorton, 98 U. S. 61, and cases there cited.)

The finding, that Vail was prevented by the fraudulent practices of Weir and White from interposing his defense in the New York suit, is not sustained by the evidence.

Judgment and order reversed and cause remanded for a new trial.

SHARPSTEIN, J., McKEE, J., THORNTON, J., and McKINSTRY, J., concurred. .

Rehearing denied.