## *M. C. CAMPBELL ET AL.

### v.

## LEROY A. GODDARD.

1 JUDGMENT BY CONFESSION—EQUITABLE JURISDICTION.—Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorney.

2. SAME.—Where an application is made for the exercise of this equitable power, and the case is involved in doubt or the testimony is so contradictory that the truth can not be ascertained with reasonable certainty, an issue should be directed to try the question. Finding no equitable grounds for interfering with the judgment as confessed in this cause, the judgment is affirmed.

APPEAL from the Circuit Court of Williamson county; the Hon. DAVID J. BAKER, Judge, presiding. Opinion filed November 27, 1885.

* The case of M. C. Campbell v. Leroy A. Goddard is in all respects like this and is affirmed for the same reason.

Messrs. CLEMENS & WARDER, for appellants.

Messrs. YOUNG, BARR & LEMMA, for appellee.

WILKIN, J.   On the 4th of April, 1885, appellee took judgment against appellants before the clerk of the Circuit Court of Williamson county, in vacation, for $1,390.80, on a promissory note, dated December 13, 1884, due ninety days after date, for $1,359.14, with eight per cent. from maturity, signed by appellants and payable to appellee.   In the body of the note there is a power of attorney authorizing any attorney, etc., to confess judgment before any court of record in term time or vacation for the amount of the note " *and a reasonable attorney's fee*" releasing all errors, etc.   At the May term, 1885, appellants entered their motion to modify the said judgment, which, on a hearing, was overruled, and appellants appeal to this court.   The only objection made to the judgment as confessed is that it includes an attorney's fee of $25.   " Courts of law exercise an equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorney."   Where an application is made for the exercise of this equitable power, and it clearly appears that the plaintiff was not entitled to judgment on the bond or warrant of attorney, the court should vacate the judgment and leave him to pursue the ordinary remedy by action ; but if the case is involved in doubt, or the testimony is so contradictory that the truth can not be ascertained with reasonable certainty, an issue should be directed to try the question. Lake v. Cook, 15 Ill. 355 ; Hall v. Jones, 32 Ill. 38 ; Conden v. Besse, 86 Ill. 159.

In Knox et al. v. Winsted Savings Bank, 57 Ill. on page 333, the Supreme Court say, " the question properly before the court below was, not whether the judgment should be vacated for error of law, but whether in the exercise of its equitable jurisdiction there was any equitable reason for opening the judgment."   Rising v. Brainard, 36 Ill. 80, is to the same effect.

Do appellants show any equitable ground for setting aside or modifying this judgment ?

The execution of the note containing the power of attorney

Campbell v. Goddard.

to confess judgment for the amount with a reasonable attorney's fee is not denied. That the amount of the judgment confessed does not exceed the sum of the principal and interest due on the note at that time, together with a reasonable attorney's fee, is conceded. Even if the declaration was defective or failed to properly aver that the attorney's fee was claimed by plaintiff, and although it might be held that the provision in the power of attorney for "a reasonable attorney's fee," is not sufficiently explicit to warrant any sum to be confessed as attorneys' fees, when the strict rules of law are applied, yet unless it should also be held that upon equitable grounds it can not be allowed, the motion was properly overruled.

Certainly the appellants can not be allowed to say that it is inequitable to hold them to the plain provision of their contract. If there was any evidence proving that the contract was not fairly entered into or that the attorney's fee was not reasonable, a different case would be presented.

An attempt is made in the argument of this case, on behalf of appellants, to make a distinction between judgments confessed in term time and during vacation; but as to the power of the court to vacate or open them up they stand upon precisely the same footing.

Having already seen that the motion should not be allowed for mere errors of law, it is unnecessary to determine what, if any, errors were committed, or how far any such errors are released by the warrant of attorney.

Finding no equitable grounds for interfering with the judgment as confessed we are of the opinion that the decision of the circuit judge was correct, and it is affirmed.

Affirmed.