## WANT OF KNOWLEDGE OF PROVISIONS OF A PROMISSORY NOTE NOT A DEFENSE.

### Common Pleas Court of Franklin County.

THE INTERNATIONAL HARVESTER COMPANY V. DAUM ET AL; AND
THE INTERNATIONAL HARVESTER COMPANY V.
BAKER & DAUM ET AL.

### Decided, January, 1917.

*Note Payable on a Named Date—Contains Provision for Taking Judgment at Any Time—Failure of Maker to Discover this Provision Not a Defense.*

In the absence of any showing of fraud or misrepresentation no defense is stated to a promissory note, having a specified time to run, by the allegation that the maker did not know the contract he was signing contained the provision that the payee might declare the debt due and take judgment thereon at any time he deemed himself insecure.

BIGGER, J.

Motion to vacate the judgment in each case.

As the question presented is the same in both cases they may be considered together. An answer has been tendered in each case and the question presented here is, do these answers state a defense to the cause of action stated in the petitions? In the opinion of the court the answers are not sufficient to constitute a defense. The warrant of attorney in these cases is plainly printed upon the face of the notes. By their terms the payee of the notes was given the option to declare the notes due at any time when the payee might deem himself insecure, and it authorized a confession of judgment at any time after the signing of the note, whether the same was due or not. Unless, therefore, the agent or agents of the plaintiff practiced some fraud upon the makers of the notes sued on to induce them to sign, there is no ground for vacating or suspending the judgments. There is no averment in the answers that any scheme or devise was employed to prevent the makers from reading the terms of this

warrant, which are plainly printed upon the face of the notes. The averments of the answers on this point are the same and in the following language in case No. 73739:

"The defendants say that on the 14th day of November, 1916, the plaintiff presented to them for signature two notes described in its petition, which said notes the plaintiff represented to the defendant were notes for $744 and $642, due February 1st, 1917, and March 1st, 1917, respectively."

This is the only averment of any statement made by the plaintiff touching the notes. It is, of course, stated that the plaintiff fraudulently and with the intention of deceiving the defendants, withheld from the defendants the information that said notes contained a clause purporting to authorize the plaintiff, at any time, whether the notes were due or not, to obtain a judgment by confession upon the same. It is true that the answer further states that: "Defendants did not know that said notes contained said clause or clauses, and would not have signed said notes had they so known, but on the contrary relied upon the representations of the plaintiff that said notes were notes not due and enforceable until the 1st day of February and the 1st day of March, 1917, respectively." But this is far from being an averment that plaintiff did in fact state to defendant that the notes were not enforceable before that time. So that the only statement which it is averred the plaintiff made was that the notes were due on February 1st and March 1st, which is according to their plain terms. There are, however, a number of other conditions in the notes plainly printed on their face and there is no rule of law which imposed upon the plaintiff, when the notes were presented for signature, to state their terms to one who is able to read them, and there is no claim that defendants were unable to read.

In case of the execution of a note it is, of course, ordinary and usual for the parties to speak of the date when they are to be payable and there is nothing more stated in the answers than that this date was fixed and that it was stated by plaintiff.

It is a well established principle of law, settled by a long line

of decisions, that it is the duty of every person who enters into a contract, to learn its contents before he signs it. The law is thus stated in 9th Cyc., at page 388:

"As a written contract is the highest evidence of the terms of an agreement between the parties to it, it is the duty of every contracting party to learn and know its contents before he signs it. He owes this duty to the other party to the contract, because the latter may and probably will pay his money and shape his action in reliance upon the agreement. He owes it to the public, which, as a matter of public policy towards the written contract, has a conclusive answer to the question, what was the agreement. Hence the courts do not permit one to avoid a contract into which he has entered on the ground that he did not attend to its terms; that he did not read the document which he signed; that he supposed it was different in its terms or that it was a mere form."

This statement of the doctrine is supported by a long line of decisions. Of course, the rule is that if one induces another to sign a paper without reading it or to rely on his statement of its contents, and states the contents falsely, that it may be avoided for the fraud. The only averment, however, in this answer of any statement as to its contents is as to the date when the note falls due, which was plainly written at the head of it. There is no averment that the plaintiff made any statement as to the contents or terms of the note beyond that, nor that any device or scheme was used to prevent defendants from reading the note, which, if done, would have shown that while by its terms it was made to fall due on a certain date, that included in the note was also a provision that the plaintiff might take judgment on it before it was due by its terms. There is no averment of any effort to conceal this provision from the defendant.

While there is no decision in Ohio upon the question so far as I have found, it has been settled in other jurisdictions that a judgment on a note before the same is due may be authorized by the terms of the contract. 151 Ill., 240; 188 Pa. St., 393; 143 Pa. St., 525; 63 Ill. App., 211. The last case is almost identical with the case at bar.

It was the duty of the defendants to read the notes which they signed. A party can not shut his eyes and sign a contract and then ask to be relieved from its plain terms merely because he did not know what it contained. Contracts would have little force and effect if they are to be set aside upon such ground. The only statement made by plaintiff is, according to the plain terms of the contract, true. The defendants do not claim that they did not know that this was a judgment note. They could not look at its face without seeing that it was, and if they did not read it to see what it authorized, that is their own fault and they can not be relieved because they did not know what they should have known and had full opportunity to know.

The motions must be overruled.