[Civ. No. 7073. Second Appellate District, Division Two.—June 30, 1932.]

P. H. COADY, Respondent, v. F. M. LEGG, Appellant.

C. A. Stice for Appellant.

Morris McLaughlin for Respondent.

CRAIG, J.—A judgment rendered against the appellant in Illinois was assigned to the respondent, who commenced an action thereon in the Superior Court of Los Angeles County. Recovery by the plaintiff in the second suit resulted in the instant appeal.

It is contended that the defendant in the original action was not served with process, that he was without the jurisdiction of the court, and that a judgment by confession in such a case is not recognized in this state. Judgment was rendered therein upon a promissory note embracing express power of the promisor, appellant herein, to "confess judgment himself or by attorney duly authorized either in term or vacation without process", in accordance with the governing statutes. Neither the validity of such power nor the appearance and confession of judgment by the authorized attorney is disputed. Measured by the laws of Illinois, no jurisdictional fact appears to have been omitted in the complaint upon which the judgment was based, and the record presents a valid judgment in the first instance. (*Blanck* v. *Medley,* 63 Ill. App. 211; *Conkling* v. *Ridgely,* 112 Ill. 36 [54 Am. Rep. 204, 1 N. E. 261].) And in the absence of a showing of fraud it must be upheld. (Code Civ. Proc.,

secs. 1905, 1916; *Weir* v. *Vail,* 65 Cal. 466 [4 Pac. 422]; *Lewis* v. *Adams,* 70 Cal. 403 [59 Am. Rep. 423, 11 Pac. 833]; *First Nat. Bank* v. *Terry,* 103 Cal. App. 501 [285 Pac. 336].)

With respect to appellant's claim that the law of Illinois permitting a judgment without personal service should have been pleaded, this is now unnecessary. Courts take judicial notice of the laws of sister states in those cases, such as this, where the pleading is sufficient to permit application of the doctrine. (Code Civ. Proc., sec. 1875, subd. 3.)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.