This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JACK BORDNICK,**

Plaintiff-Appellant,

**v.**                                                                                                  **No. 35,065**

**MARGIE HOYLE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Jack Bordnick
Santa Fe, NM

Pro Se Appellant

Margie Hoyle
Santa Fe, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Appellant Jack Bordnick appeals from the district court's order denying his claims and dismissing his case. We filed a notice of proposed summary disposition

proposing to affirm the district court. Appellant has filed a timely memorandum in opposition and a motion to amend the docketing statement. We have considered the arguments raised in the memorandum in opposition, and we are unpersuaded that our initial proposed disposition was incorrect. Additionally, as discussed further in this Opinion, Appellant has not shown that his motion to amend the docketing statement raises any viable issues. Therefore, the motion to amend is denied. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-45, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**DISCUSSION**

**Factual Findings**

{2}      Appellant first continues to challenge the district court's factual findings. Specifically, Appellant challenges the district court's finding that "[t]he April 4, 2014 Agreement provided that Defendant would sell a James Hoyle Painting described as River Sunrise Mix media $15,000." [RP 244 (¶ 3)] He also challenges the district court's finding that "[t]he provision of the Mixed Media James Hoyle Serigraph was what was required by the April 4, 2014 Agreement." [RP 245 (¶ 6)] Further, he challenges the district court's finding that Defendant did not own a Hoyle oil painting

2

and that "[t]he River Sunrise [o]il [p]ainting was sold in the 1980[s] at an art show in New York." [RP 122 (¶ 7)] Finally, Appellant challenges the district court's finding that "[t]he invoice stated that the value of the serigraph unframed was $12,000. This was accepted by [Appellant]." [RP 122 (¶ 3)]

{3}     We understand Appellant to argue that these findings were in error because the contract between the parties required Defendant to provide an original James Hoyle oil painting and not a limited edition serigraph. [MIO 6] According to Appellant, the agreement between the parties clearly stated that Defendant owned a "collateralized James Hoyle Painting, 100% free and clear." [MIO 6] Therefore, according to Appellant, Defendant lied to him when she said she owned an original oil painting, and she "created an illegal and [f]raudulent [c]ontract [a]greement" between the parties by claiming in the contract that she owned a James Hoyle oil painting. [MIO 6] To support his interpretation of the agreement and his contention that Defendant lied, Appellant points to an email he entered into evidence in which Defendant appears to state that she owns "the River Sunrise Mix media painting" and "the River Sunrise hand painted embossed serigraph." [RP 135; MIO 6] Appellant also argues that Defendant's witness, Mr. Saman, testified in a separate bankruptcy proceeding that Defendant owned the James Hoyle painting. [MIO 6]

3

{4}     We first note that, based on our review of the written agreement between the parties, the artwork at issue is variously described as "a James Hoyle painting valued at $15,000" and "River Sunrise Mixed media $15,000 30" x 42"[.]" [RP 130] We therefore see no error in the district court making a factual finding that "[t]he provision of the Mixed Media James Hoyle Serigraph was what was required by the April 4, 2014 Agreement." [RP 245 (¶ 6)] We understand that Appellant asserts that the district court did not understand the difference between a painting and a serigraph. However, in our notice of proposed summary disposition, we informed Appellant that, to the extent that he seeks review of any of the district court's factual findings, he must provide a concise, accurate statement of all the relevant evidence and testimony at trial. *See Chavez v. S.E.D. Labs.*, 2000-NMCA-034, ¶ 26, 128 N.M. 768, 999 P.2d 412 ("[W]e review substantial evidence claims only if the appellant apprises the Court of all evidence bearing upon the issue, both that which is favorable and that which is contrary to [the] appellant's position"), *aff'd in part, vacated in part on other grounds by* 2000-NMSC-034, ¶ 1, 129 N.M. 794, 14 P.3d 532; *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53 (stating that, in order to challenge a district court's factual findings as not supported by the evidence, the appellant must provide this Court with "a summary of all the

evidence . . ., including the evidence that supports the trial court's determination, regardless of the interpretation").

{5} Appellant has not provided the required information in his memorandum in opposition. Appellant states that both Defendant and Mr. Saman testified at trial and that both parties put on evidence relating to the meaning of the terms in the agreement. [MIO 6-7] However, Appellant has not provided a complete recitation of the evidence and testimony in his memorandum in opposition. We are therefore unable to address Appellant's challenges to the district court's factual findings. *See Jones v. Augé*, 2015-NMCA-016, ¶ 4, 344 P.3d 989 ("New Mexico case law is clear that this requirement compels appellants to set out a full summary of the pertinent evidence admitted at trial, including the facts supporting the district court's findings and conclusions, and that this Court may decline review for failure to do so.").

{6} Additionally, Appellant's contention that Defendant and Mr. Saman lied about whether Defendant ever owned a James Hoyle oil painting raises issues relating to the credibility of the witnesses. We do not review the credibility of witnesses on appeal as "[t]he duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the trial court, not the appellate court." *Doughty v. Morris*, 1994-NMCA-019, ¶ 9, 117 N.M. 284, 871 P.2d 380; *see also Webb v. Menix*, 2004-NMCA-048, ¶ 8, 135 N.M. 531, 90 P.3d 989 ("This Court does not reweigh the

evidence or judge the credibility of the witnesses."). For these reasons, we reject Appellant's challenges to the district court's factual findings.

**Invoice, Certificate of Authenticity, and Documentary Evidence**

{7}     Appellant next continues to argue that the district court erred by admitting an invoice of the transaction, a certificate of authenticity, and various other invoices and insurance documents offered by Defendant into evidence. [MIO 8] The admission or exclusion of evidence is reviewed for an abuse of discretion. *See Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

{8}     With respect to the invoice of the transaction, Appellant argues that the district court improperly failed to question the invoice or verify its authenticity. Appellant also argues that the invoice misrepresented the parties' agreement and was otherwise fraudulent and misleading. [MIO 8] Rule 11-901(A) NMRA generally requires that an item of evidence be authenticated or shown to be what the proponent claims it is to be admissible into evidence. *See id.* (stating that "[t]o satisfy the requirement of

6

authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). To the extent Appellant argues that the invoice was not properly authenticated before it was allowed into evidence, we reject this argument. Appellant has not stated what evidence Defendant produced in support of introduction of the invoice, and we therefore cannot address this argument. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate courts presume that the district court is correct and the burden is on the appellant to clearly demonstrate that the lower court erred). However, we note generally that a witness with knowledge may testify and authenticate an item of evidence. *See* Rule 11-901(B)(1) (stating that testimony of a witness with knowledge satisfies the requirement that an item of evidence is authenticated and shown to be what the proponent claims it is). To the extent Appellant argues that the district court erred in accepting the defense witnesses' testimony regarding the authenticity of the documents, such an argument is an argument that a witness was not credible, which we do not review on appeal. *See Webb*, 2004-NMCA-048, ¶ 8 ("This Court does not reweigh the evidence or judge the credibility of the witnesses.").

**{9}** We also reject Appellant's argument that the certicate of authenticity and the Defendant's other documentary exhibits were not properly authenticated. [MIO 8-9]

7

The memorandum in opposition recites that Defendant testified and identified the certificate of authenticity and the other invoices and insurance contract. [MIO 8-9] Such evidence is generally sufficient to authenticate an item of evidence. *See* Rule 11-901(B)(1).

{10} Finally, to the extent Appellant argues that the district court had a duty to independently authenticate the invoice, certificate of authenticity, and the other documents, Appellant has cited no authority in support of this proposition, and we therefore reject this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, the appellate courts may assume no such authority exists); *ITT Educ. Servs., Inc. v. N.M. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). For the same reason, we reject Appellant's argument that error occurred because there was no witness from an art publisher to testify and validate the certificate of authenticity and his argument that admission of insurance documents and invoices was improper because none of the buyers was present at trial to testify that the invoices accurately represented the sales. [MIO 8-9] *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2; *ITT Educ. Servics*, 1998-NMCA-078, ¶ 10.

**Hearsay**

**{11}** Appellant next argues that the district court improperly accepted hearsay evidence offered by Defendant in the form of statements purportedly made by James Hoyle as to the criteria of serigraphic prints. [MIO 11] However, as Appellant has not included a complete recitation of the evidence and testimony at trial, we are unable to determine whether the statement Appellant cites actually constitutes inadmissible hearsay or whether the admission of the statement was harmless error. *See* Rule 11-803 NMRA (discussing exceptions to the rule against hearsay); *see also Davis v. Davis*, 1972-NMSC-045, ¶ 9, 83 N.M. 787, 498 P.2d 674 (reviewing whether the admission of hearsay was harmless error in light of all the evidence). Accordingly, we presume the regularity of the proceedings below and the correctness of the district court's evidentiary rulings. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 (stating that, if the record is doubtful or deficient, we will indulge every presumption in support of the district court's judgment).

**{12}** Finally, we understand Appellant to generally assert that he was prevented from presenting his case, questioning witnesses, making objections, submitting documents, and giving his testimony by the time constraints imposed by the district court. [MIO 4] We refer again, however, to the district court's order denying Appellant's motion for reconsideration, in which it found that Appellant did not request additional time

at trial. [RP 248 (¶ 1)] Rather, it appears that Appellant only argued that the time allotted was insufficient after the district court rendered its decision. [Id.] We therefore reject any argument that the district court prevented Appellant from preserving objections and presenting evidence at trial due to the time limit. *See generally Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 (stating that we will not accept factual recitations in the docketing statement as true where the record shows otherwise).

{13}     For these reasons, we affirm the district court.

{14}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**STEPHEN G. FRENCH, Judge**